## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

**GINA YOUNG, Administratrix of the Estate of**
**RICHARD YOUNG, JR.,**

      **Plaintiff,**

v.                                        **CASE NO.** 2:12-cv-1324
                                           **JUDGE** _____

**APOGEE COAL COMPANY, LLC,**
**PATRIOT COAL CORPORATION, and**
**JAMES RAY BROWNING,**

      **Defendants.**

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, Defendants, Apogee Coal Company, LLC, James Ray Browning and Patriot Coal Corporation (collectively referred to as "Defendants"), hereby remove this action, which is now pending before the Circuit Court of Boone County, West Virginia, as Civil Action No. 12-C-76, to the United States District Court for the Southern District of West Virginia, Charleston Division, on the basis of diversity of citizenship. In support of removal, Defendants state the following:

    1.    On or about April 7, 2012, Summons was made upon Defendant James Ray Browning, at which time Mr. Browning received a copy of the Complaint. Defendants Apogee Coal Company, LLC ("Apogee") and Patriot Coal Corporation ("Patriot") were served by certified mail on April 17, 2012. *See* Ex. A, Service of Process, Summons and Complaint.

    2.    Defendants have filed this Notice of Removal within 30 days of Defendants receiving the Summons and the Complaint as required by 28 U.S.C. § 1446(b).

3. Plaintiff's claims arise out of the death of Richard Young, Jr., and events that allegedly occurred on or about May 14, 2011. Ex. A, Complaint ¶ 1. Plaintiff asserts claims of "deliberate intent" arising under West Virginia Code section 23-4-2(d)(2)(ii) against defendants Apogee and James Ray Browning, an Apogee employee. *Id.* at ¶¶ 11-19. Plaintiff asserts claims of negligence and vicarious liability against Patriot. *Id.* at ¶¶ 20-27; 28-33. Plaintiff asserts claims of joint venture against Apogee and Patriot Coal Corporation. *Id.* at ¶¶ 34-37. Finally, Plaintiff asserts punitive damages claims against Patriot. *Id.* at ¶¶ 38-46.

4. For the purposes of establishing the citizenship of corporate entities for the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where is has its principal place of business." 28 U.S.C. § 1332(c)(1).

5. Unlike a corporation, the citizenship of a limited liability company is determined by the citizenship of each of its members. *Shonk Land Co., LLC v. Ark Land Co.*, 170 F. Supp.2d 660, 661-62 (S.D.W. Va. 2001).

6. Plaintiff alleges residence in Boone County, West Virginia. Ex. A, ¶ 1. Based upon the Complaint, Defendants are informed and believe that Plaintiff is a citizen of the State of West Virginia.

7. Apogee Coal Company, LLC is a Delaware limited liability company. Apogee Coal Company, LLC's sole member is New Trout Coal Holdings II, LLC, a Delaware limited liability company. New Trout Coal Holdings II, LLC's sole member is Magnum Coal Company LLC, a Delaware limited liability company. Magnum Coal Company LLC's sole member is Patriot Coal Corporation, a Delaware corporation whose principal place of

business is located in St. Louis, Missouri.  See Ex. B, West Virginia Secretary of State Information.

8. Thus, for the purposes of diversity, Apogee Coal Company, LLC shares the citizenship of the first corporate member, Patriot Coal Corporation.  Therefore, Apogee Coal Company, LLC is a citizen of Delaware and St. Louis, Missouri, fulfilling the requirements of diversity of citizenship with regard to all parties to this litigation, save for that of individual defendant James Ray Browning.

9. Based upon information and belief, Mr. Browning is a West Virginia resident, and thus a non-diverse defendant.  However, for removal purposes, Mr. Browning's citizenship must be disregarded pursuant to the doctrine of fraudulent joinder.

10. The doctrine of fraudulent joinder permits this Court to "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."  *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

11. Plaintiff's claims against James Ray Browning arising under West Virginia Code section 23-4-2(d)(2)(ii) must be dismissed as such claims are not recognized under the law.  More specifically, as this court has recently held in *Adkins v. Consolidation Coal Co.,* claims arising under section 23-4-2(d)(2)(ii) may not be brought against an individual, the citizenship of Mr. Browning must be disregarded, and Mr. Brown dismissed as a defendant in this matter under the doctrine of fraudulent joinder.  *See* Ex. C, *Adkins v. Consolidation Coal Co.*, 2012 U.S. Dist. LEXIS 52281 (S.D.W. Va. April 13, 2012 Order).

12. "In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish . . . [t]hat there is no possibility that the plaintiff

would be able to establish a cause of action against the in-state defendant in state court[.]" *Id.* at 464.

13.     In this case, Plaintiff has no possibility of recovery as against the only non-diverse defendant, Mr. Browning, as this Court has specifically held that, under West Virginia Code section 23-4-2(d)(2)(ii), there "exist no possibility of recovery" against an individual employee. Ex. C, April 13, 2012 Order, 14-19. Thus, fraudulent joinder as to Mr. Browning has been shown, his citizenship must be disregarded for removal purposes, and he must be dismissed from this matter.

14.     Therefore, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) and the action is removable to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states.

15.     For removal purposes, in addition to diversity of citizenship, the matter in controversy must exceed the sum of $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a).

16.     Title 28 U.S.C. § 1332(a) requires that the amount in controversy in diversity actions exceed $75,000.00, exclusive of interest and costs. To demonstrate that the jurisdictional amount has likely been met, a removing party must establish only that it is more likely than not that the amount in controversy exceeds $75,000.00. *McCoy v. Erie Ins. Co.*, 147 F. Supp. 25 481, 489 (S.D.W. Va. 2001).

17.     "It is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce." *Dixon v. Edwards*, 290 F.2d 568, 569 (4th Cir. 2002). Plaintiff's Complaint does

not specify the amount of actual damages that Plaintiff seeks. However, the defendants need not rely on these unspecified actual damages to show that the amount in controversy is met. *See McCoy*, 147 F. Supp. 2d 481.

18. Plaintiff's Complaint alleges, among other things, a wrongful death action pursuant to West Virginia Code section 55-7-5. Ex. A, Complaint ¶ 1. In addition, Plaintiff seeks "punitive and exemplary damages" against Patriot. Id. at ¶¶ 38-46.

19. In addition, Plaintiff's Complaint alleges that, among other things, damages for "sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly office and advice of decedent; compensation for reasonably expected loss of income of the decedent, and services, protection, care and assistance provided by the decedent; expenses for the care, treatment and hospitalization of the decedent incident to the injury resulting in death; and reasonable funeral expenses. Further, plaintiff demands pre-judgment and post-judgment interest, that the estate recover its costs and expenses incurred in pursuit of this claim, including attorney's fees, and such other, further and general relief as this Court deems appropriate." Ex. A, Complaint, p. 15.

20. Defendants deny the allegations set forth in Plaintiffs' Complaint and deny that Plaintiff is entitled to the relief sought, however, based upon the relief Plaintiff is requesting, the "amount in controversy" in this matter is likely well in excess of the $75,000.00 required of diversity jurisdiction, meeting the minimum amount to request removal under 28 U.S.C. § 1332.

21. Therefore, this Court possess original jurisdiction over this Civil Action pursuant to 28 U.S.C. § 1332(a) based upon complete diversity of citizenship and an amount in controversy exceeding $75,000.00, exclusive of interest and costs.

22. Accordingly, removal of this matter is proper pursuant to 28 U.S.C. § 1441(a).

23. True and correct copies of this Notice of Removal with accompanying exhibits are being served on all counsel and filed with the Clerk of that Court, in accordance with the provisions of 28 U.S.C. § 1446(d):

- Ex. A – Service of Process, Summons and Complaint;
- Ex. B – Secretary of State Information;
- Ex. C – *Adkins v. Consolidation Coal Co.*, 2012 U.S. Dist. LEXIS 52281 (S.D.W. Va. April 13, 2012 Order);
- Ex. D – Notice of Removal of this Civil Action to Federal Court directed to the Circuit Court of Boone County, West Virginia;
- Ex. E – Civil Docket Sheet.

**WHEREFORE**, Apogee Coal Company, LLC, Patriot Coal Corporation and James Ray Browning, by counsel, file this Notice of Removal in order to remove the entire state court action under Civil Action No. 12-C-76 now pending in the Circuit Court of Boone County, West Virginia, to this Court for further proceedings.

                                        **APOGEE COAL COMPANY, LLC,**
                                        **PATRIOT COAL CORPORATION and**
                                        **JAMES RAY BROWNING**
                                        **By Counsel**

/s/ Joshua C. Dotson
Christopher A. Brumley (WVSB # 7697)
Joshua C. Dotson (WVSB #10862)
Flaherty Sensabaugh Bonasso PLLC
200 Capitol Street
Post Office Box 3843
Charleston, WV 25338-3843
(304)345-0200(p)
(304)345-0260(f)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**GINA YOUNG, Administratrix of the Estate of**
**RICHARD YOUNG, JR.,**

    **Plaintiff,**

v.     CASE NO. 2:12-cv-1324
      JUDGE _____

**APOGEE COAL COMPANY, LLC,**
**PATRIOT COAL CORPORATION, and**
**JAMES RAY BROWNING,**

    **Defendants.**

### CERTIFICATE OF SERVICE

    I hereby certify that on this 27th day of April 2012, I served a true copy of the **NOTICE OF REMOVAL** upon counsel of record and have electronically filed this with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Timothy R. Conaway, Esq. (WVSB #793)
Benjamin M. Conaway, Esquire (WVSB #9332)
CONAWAY & CONAWAY
63 Avenue B
Madison, West Virginia 25130
*Counsel for Plaintiff*

/s/ Joshua C. Dotson
Christopher A. Brumley (WVSB # 7697)
Joshua C. Dotson (WVSB #10862)
Flaherty Sensabaugh Bonasso PLLC
200 Capitol Street
Post Office Box 3843
Charleston, WV 25338-3843
(304)345-0200(p)
(304)345-0260(f)