CT Corporation

**Service of Process Transmittal**
04/17/2012
CT Log Number 520344846

TO:     Elizabeth Power
        Patriot Coal Corporation
        600 Laidley Tower
        Charleston, WV 25301

RE:     **Process Served in West Virginia**

FOR:    Patriot Coal Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gina Young, Administratix of the estate of Richard Young Jr., Pltf. vs. Apogee Coal Company LLC., et al. including Patriot Coal Corporation, Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint |
| **COURT/AGENCY:** | Boone County Circuit Court, WV<br>Case # 12c76 |
| **NATURE OF ACTION:** | Employee Litigation - Fatal Injury/Wrongful Death - On May 14, 2011, within the course of employment while removing of the 15th bolt, the counter weight fell on top of and killed Richard Young Jr. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Charleston, WV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/17/2012 postmarked on 04/16/2012 |
| **JURISDICTION SERVED :** | West Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service of this summons, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Timothy R. Conaway<br>Conaway & Conaway<br>63 Avenue B<br>Madison, WV 25130<br>304-369-0100 |
| **REMARKS:** | Service of Process made on West Virginia Secretary of State on 4/13/2012 and sent to CT Corporation on 4/16/2012 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 798298453843<br>Image SOP<br>Email Notification, Elizabeth Power epower@patriotcoal.com<br>Email Notification, Joseph W Bean jbean@patriotcoal.com<br>Email Notification, Eric Waller ewaller@patriotcoal.com<br>Email Notification, Anne Mykins amykins@patriotcoal.com<br>Email Notification, Jackie Jones jackie_jones@patriotcoal.com |
| **SIGNED<br>PER<br>ADDRESS:** | C T Corporation System<br>Amy McLaren<br>5400 D Big Tyler Road<br>Charleston, WV 25313 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of  1 / PK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.


EXHIBIT
A

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV 25305





9171 9237 9000 1000 6468 14



**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

| | |
|---|---|
| ControlNumber: | 333961 |
| Defendant: | Patriot Coal Corporation |
| County: | 3 |
| | 4/13/2012 |
| Civil Action: | 12-C-76 |

Patriot Coal Corporation
C. T. Corporation System
5400 D Big Tyler Road
Charleston WV 25313

I am enclosing:

| | | |
|---|---|---|
| _____ summons | _____ affidavit | __1__ summons and complaint |
| _____ notice | _____ answer | _____ summons and verified complaint |
| _____ order | _____ cross-claim | _____ summons and amended complaint |
| _____ petition | _____ counterclaim | _____ 3rd party summons and complaint |
| _____ motion | _____ request | _____ notice of materialmans lien |
| _____ suggestions | _____ notice to redeem | _____ notice of mechanic's lien |
| _____ interrogatories | _____ request for production | _____ re-issue summons and complaint |
| _____ discovery | _____ request for admissions | _____ subpoena duces tecum |
| _____ suggestee execution | _____ notice of uim claim | _____ Other |
| _____ subpoena | _____ writ | |
| _____ stipulation | _____ writ of mandamus | |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have
accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in your name and on behalf as your attorney-in-fact. Please address any questions about this document directly
to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

## CIVIL SUMMONS

### IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

GINA YOUNG, Administratrix of the Estate
of RICHARD YOUNG, JR.

                                      Plaintiff,

VS.

                               CIVIL ACTION NO. 12-C-76

APOGEE COAL COMPANY LLC,
PATRIOT COAL CORPORATION, and
JAMES RAY BROWNING,

                                    Defendant.

To the above-named Defendant: James Ray Browning

     IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required To serve upon <u>Benjamin M. Conaway/Timothy R. Conaway,</u> Conaway & Conaway, Plaintiff's attorney, whose address is <u>63 Avenue B, Madison, West Virginia 25130</u>

An answer, including any related counter claim or defense you may have, to the amended complaint filed against you in the above styled action, a true copy of which is herewith delivered to you.

You are required to serve your answer within <u>20</u> days after service of this summons upon you, exclusive of the day of service. If you fail to do so, thereafter judgement, upon proper hearing and trial, may be taken against you for the relief demanded in the complaint and you will be thereafter Barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

DATED March 30, 2012                    _Sue Ann Zickefoose_

                                CLERK OF COURT

                                By:

DEPUTY CLERK

TO THE SECRETARY OF STATE:

Please accept service on the within named defendants:

APOGEE COAL COMPANY LLC.,
CT CORPORATION SYSTEM.
5400 D BIG TYLER ROAD
CHARLESTON WV    25313

and

PATRIOT COAL CORPORATION          PATRIOT COAL CORPORATION
CT CORPORATION SYSTEM             12312 OLIVE BLVD.
5400 D BIG TYLER ROAD             STE 400
CHARLESTON WV    25313            SAINT LOUIS
                                  MO   63141     USA


_____
Circuit Clerk of Boone County, WEST VIRGINIA

BY: _____
        DEPUTY CLERK

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

GINA YOUNG, Administratrix
of the Estate of RICHARD YOUNG JR.,

    Plaintiff,

vs.

              CIVIL ACTION NO. *12 - C - 76*

APOGEE COAL COMPANY LLC., JAMES RAY
BROWNING, and PATRIOT COAL, INC..

    Defendants.

## COMPLAINT

  Comes now the plaintiff, Gina Young, administratrix of the Estate of Richard

Young Jr., all by and through counsel, and for her Complaint against the defendants,

states and alleges as follows:

## PARTIES

  1.  On May 14, 2011 Richard Young Jr. was killed while working as an

employee of defendant Apogee Coal Company LLC at the Guyan Mine in Logan County

West Virginia. Prior to his death, Richard Young Jr. resided with his wife Gina Young in

Boone County, West Virginia.  Gina Young was appointed administratrix of Richard

Young Jr.'s estate by the Boone County Commission on July 13, 2011. Gina Young

currently resides in Boone County, West Virginia.  Gina Young brings this wrongful

death action pursuant to § 55-7-5 of the West Virginia Code on behalf of Richard Young

Jr.'s estate.

2.      Defendant Apogee Coal Company LLC ( hereinafter Apogee) is a Company

that does business in Logan County, West Virginia. Apogee is registered to do business

with the West Virginia Secretary of State with a principal office address of 500 Lee Street

East Suite 900 Charleston, WV, 25301. Apogee's principal place of business in located in

West Virginia. Defendant Apogee operated the Guyan Mine in Logan County, West

Virginia with the assistance of defendant Patriot Coal Corporation.

3.      Defendant James Ray Browning is a resident of Logan County, WV, and

worked as a maintenance supervisor for Apogee at all times relevant to this complaint.

4.      Defendant Patriot Coal Corporation (hereinafter Patriot) is a Delaware

Corporation, and has its principal executive offices at 12312 Olive Boulevard , Suite 400,

St. Louis, Missouri 63141. Patriot Coal is registered to do business with the West

Virginia Secretary of State with a local office address of 202 Laidley Tower, Charleston,

West Virginia 25301. Patriot owns coal operations and property and does business in

Boone County, West Virginia. Patriot's principal place of business in located in West

Virginia. Patriot is the parent company of Apogee and completely controls defendant

Apogee.

## FACTS

5.      Richard Young Jr. was employed as a mechanic for Apogee for

approximately one and a half years prior to May 14, 2011. According to defendant

Browning, who was Mr. Young's supervisor, and other supervisors and employees at Apogee, Richard Young Jr. was considered to be among the safest employees at Apogee. Mr. Young never received any write-ups or disciplinary actions for not following proper safety procedures during his career.

6.     On May 14, 2011, Richard Young Jr. was directed by his supervisor, defendant Browning to do maintenance on a fuel tank on a Caterpillar 992G end loader (hereinafter 992G). In order to gain access to the fuel tank, the counter weight had to be removed from the 992G. The counter weight weighs approximately 11,685 pounds and is attached to the back of the 992G, suspended approximately 3-4 feet above the ground.

7.     Prior to that date Mr. Young had never removed a counter weight from a 992G. Mr. Young did not receive any instruction, training, or guidance on how to remove or block the counter weight on May 14, 2011, or at any time prior to that in his career. Defendant Browning, who was responsible for training or instructing mechanics at Guyan including Mr. Young for all new tasks or assignments, was unfamiliar with the proper procedures on how to properly remove or block a counter weight.

8.     Due to a lack of proper training, instruction and proper guidance, Mr. Young placed himself directly underneath the 11,685 pound counterweight, with no blocking in place, and removed approximately 14 of the 16 bolts that connected the counter weight to the 992G. Upon information and belief, before or during the removal of the 15th bolt, the counter weight fell on top of and killed Richard Young Jr..

3

9.     Mr. Young had only removed one counter weight in his entire career as a coal miner prior to May 14, 2011, which was on a different machine than the 992G. Upon information and belief, Richard Young Jr. participated in removing a counterweight on a Caterpillar 994D end loader (hereinafter 994D) on or around December 2010. Upon information and belief, Mr. Young was not properly trained, instructed, or given any guidance in December 2010, or at any time prior to that in his career, on how to remove or block a counter weight on a 994D.

10.    While maintenance of the fuel tank on heavy machinery requires removal of the Counterweight, many other maintenance issues also require removal of the counterweight. Because removal of a counter weight occurs on a regular basis, a reasonably prudent operator familiar with the mining industry should realize that the protective purposes of the standards requiring task training requires task training of individuals removing a counterweight prior to the removal.

<u>COUNT ONE</u>

DELIBERATE INTENT ACTION
AGAINST APOGEE COAL COMPANY AND
JAMES RAY BROWNING

11.    Plaintiff adopts and incorporates by reference the allegations of each of the preceding paragraphs as if fully set forth herein. Count One is brought under the provisions of § 23-4-2(d)(2)(ii) of the West Virginia Code. Plaintiff is not alleging any federal causes of action that might have been pleaded or brought under the facts set out in

4

this Count One or any other Count in this complaint.

12.    One of the most important components of the Federal Mine Safety and

Health Act of 1977 is the mandatory health and safety training requirements set out at §

115, 30 U.S.C. § 825. This section establishes the basic, underlying framework for the

training regulations for underground and surface miners set out at 30 C.F.R. Part 48,

which includes new task training.  The Federal Mine Safety and Health Act of 1977,

along with statutes promulgated by the West Virginia Legislature, and other regulations

and laws applicable to West Virginia surface mining, demonstrate the importance of

following proper procedures and guidelines regarding training and protecting miners.

13.    While each of the individual actions and inactions that are set out herein in

paragraph 15(A) through 15(O) was a specific unsafe working condition which presented

a high degree of risk and a strong probability of serious injury or death, the combination

of such factors presented an extreme risk to the Richard Young Jr..

14.    Defendant Apogee and defendant Browning, prior to the Richard Young's

death at the Guyan Mine, had actual knowledge of the lack of task training and proper

instruction, among other violations that contributed to the death of Richard Young at the

Guyan Mine, and of the high degree of risk and the strong probability of serious injury or

death. The defendants Apogee and Browning, had actual knowledge of the existence of

each of the individual actions and inactions that are set out herein in paragraph 15(A)

through 15(O).

15. The failure to follow proper training procedures and instruction at the Guyan Mine was a result of the defendant Apogee and defendant Browning violating a number of state and federal safety statutes, rules or regulations, and a number of commonly accepted and well-known safety standards within the surface coal mining industry, which standards or guidelines reflect a consensus safety standard in the surface mining industry, and were specifically applicable to the work and working conditions at the Guyan Mine. These statutes, rules, regulations and standards are all aimed at reducing or eliminating the risk of accidents occurring during surface mining. The following actions or inactions of defendant Apogee and defendant Browning constituted violations of state and federal safety statutes, rules or regulations, and commonly accepted and well-known safety standards within the surface coal mining industry, and created specific unsafe working conditions at Guyan:

(A) Richard Young was assigned to removing a counter weight on a 994D on or around December 2010, a new task that Mr. Young had never completed before. Defendants failed to provide instruction in the safety and health aspects and safe work procedures of the task, which violated the provisions of 30 CFR § 48.27.

(B) Richard Young was assigned to removing a counter weight on a 992G on May 14, 2011, a new task that Mr. Young had never completed before. Defendants failed to provide instruction in the safety and health aspects and safe work procedures of the task, which violated the provisions of 30 CFR § 48.27.

6

(C)   In violation of the West Virginia Code of State Rules section § 56-3-26, (26.3), defendants failed on May 14, 2011, to instruct in the hazards incident to removing a counter weight on a 992G and the law and regulations relevant thereto prior to performing maintenance on the fuel tank/counter weight, which was a new job assignment.

(D) In violation of the West Virginia Code of State Rules section § 56-3-26, (26.3), defendants failed on or around December 2010, to instruct in the hazards incident to removing a counter weight on a 994D and the law and regulations relevant thereto prior to performing maintenance on the fuel tank/counter weight, which was a new job assignment.

(E)   In violation of the West Virginia Code of State Rules section § 56-3-27, (27.1c), the mine foreman or assistant mine foreman failed to have weekly safety meetings with all employees, including Richard Young Jr., that provided training in the working practices and conditions at the mine and rules and regulations applicable thereto.

(F)  No training was provided or supervised by a qualified trainer, or a supervisor experienced in the task of maintenance on a fuel tank / removal of counter weight, or other person experienced in the assigned tasks on May 14, 2011 or December 2010, which violated the provisions of 30 CFR § 48.27.

(G)  In violation of the West Virginia Code of State Rules section § 56-3-26,

(26.1), neither the mine foreman nor assistant mine foreman at the Guyan Mine instructed Richard Young Jr. of the particular dangers incident to his work at Guyan mine before Richard Young Jr. began work at the mine.

(H)   In violation of commonly accepted and well known industry standards and procedures, defendants' management failed to discuss safety issues with Richard Young Jr. prior to directing him to change a counter weight, even though management knew that the task of changing the counter weight required extensive blocking procedures to protect the miner directed to perform such task.

(I)   In violation of commonly accepted and well known industry standards and procedures, as well as statutes and regulations cited above, defendants failed to train Richard Young on how and when to properly block a counter weight on a 992G prior to May 14, 2011.

(J)   In violation of commonly accepted and well known industry standards and procedures, as well as statutes and regulations cited above, defendants failed to train Richard Young on how and when to properly block a counter weight on a 994D prior to December 2010.

(K)   In violation of commonly accepted and well known industry standards and procedures, defendants failed to instruct the mechanics to reference the manufacturer's service manual or computer service guide prior to removing the counter weight, which would have alerted Mr. Young that the first step in

removing the counter weight was blocking underneath it.

(L) In violation of commonly accepted and well known industry standards and procedures, and other statutes and regulations, management failed on May 14, 2011 to ensure that the counter weight / fuel tank was blocked or secured before the mounting bolts were removed.

(M) In violation of the West Virginia Code of State Rules section § 56-3-42, (42.16), on May 14, 2011, defendants allowed work to be performed under the 992G prior to proper blocking being in place.

(N) In violation of the West Virginia Code of State Rules section § 56-3-27 (27.3), and commonly accepted and well known industry standards and procedures, on May 14, 2011, management knew no blocking was in place under the 992G, yet left the area prior to making the dangerous condition safe, and failed to remove Richard Young Jr. from the dangerous condition.

(O) In violation of commonly accepted and well-known safety standards within the coal mining industry, defendants failed to provide specialized training to Richard Young, Jr. by a qualified instructor as to the proper procedures to be followed when removing a counter weight.

16.   Defendant Apogee and defendant Browning, prior to Richard Young's death at the Guyan Mine, had actual knowledge of the existence of each of the violations of state and federal law set out above, and each of the violations of commonly accepted

9

and well-known safety standards within the coal mining industry set out above, and of the high degree of risk and the strong probability of serious injury or death presented by such violations.

17.     Each of the forgoing violations of state and federal statutes and regulations and each of violations of the forgoing commonly accepted and well-known safety standard within the coal mining industry created individual specific unsafe working conditions that existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death.  Acting together, these violations compounded the risk of serious injury or death and greatly enhanced the probability of serious injury or death.

18.     Notwithstanding the existence of the facts set forth above, defendant Apogee and defendant Browning nevertheless intentionally thereafter exposed plaintiff Richard Young Jr. to the said specific unsafe working conditions.

19.     Richard Young Jr. suffered serious compensable death as a direct and proximate result of such specific unsafe working conditions, making defendant Apogee and defendant Browning liable to plaintiff for damages as set forth in § 55-7-6 of the West Virginia Code.

<u>COUNT TWO</u>

NEGLIGENCE

20.     Plaintiff adopts and incorporates by reference the allegations of each of the

10

preceding paragraphs as if fully set forth herein.

21.    Upon information and belief, defendant Patriot assisted and directed the operation of the Guyan Mine by performing technical, administrative, legal and other support services for defendant Apogee.

22.    Upon information and belief, Patriot arranged for the sale of coal that was produced at the Guyan Mine.

23.    On May 14, 2011, in Logan County, West Virginia, Richard Young died as a result of the defendants' negligent, reckless and intentional conduct, including, but not limited to, violations of safety statutes and regulations and violations of consensus safety standards in the industry or business of surface mining that are set out herein.

24.    As a result of defendant's negligent, reckless and intentional conduct, Richard Young died.  As a further result of such conduct Richard Young endured temporary mental and physical pain and suffering.

25.    As the controller of the coal being mined at Guyan, defendant Patriot, owed a duty to the workers at Guyan, including Richard Young Jr., to provide a reasonably safe workplace and to exercise reasonable care for the safety of their workers.

26.    Defendant Patriot owed a duty to the workers at Guyan, including Richard Young Jr., to ensure that safety practices and procedures were implemented and followed.

27.    Defendant Patriot negligently, recklessly and intentionally breached, among other things, the aforementioned duties, and as a direct and proximate result of their

11

negligent, reckless and intentional behavior, caused the death of Richard Young Jr. at Guyan.

## COUNT THREE

### VICARIOUS LIABILITY OF PATRIOT

28. Plaintiff adopts and incorporates by reference the allegations of each of the preceding paragraphs as if fully set forth herein.

29. At all times mentioned herein, defendant Apogee operated the Guyan Mine under the direction and control of defendant Patriot, which included the right to operate, maintain and make business decisions relative to the day-to-day activities at Guyan.

30. At all times mentioned herein, defendant Apogee was acting in furtherance of the business of Patriot, and was further acting within the scope of Apogee's agency relationship with Patriot.

31. Defendant Patriot caused defendant Apogee to engage in violations of the mine safety laws and the violations of commonly accepted and well-known safety standards within the surface mining industry that are set out in Count One, as well as other willful, reckless, negligent and intentional conduct of Apogee.

32. Defendant Patriot knew of and sanctioned the violations of the mine safety laws and the violations of commonly accepted and well-known safety standards within the coal mining industry that are set out in Count One and other willful, reckless, negligent and intentional conduct of Apogee.

33. As a proximate result of Apogee's violations of the mine safety laws, and its violations of commonly accepted and well-known safety standards within the coal mining industry that are set out in Count One, and other willful, reckless, negligent and intentional conduct of Apogee, Richard Young Jr. died.

<u>COUNT FOUR</u>

JOINT VENTURE

34.     Plaintiff adopts and incorporates by reference the allegations of each of the preceding paragraphs as if fully set forth herein.

35.     Defendants Apogee and Patriot associated and contracted together to operate Guyan for profit, for which purpose they combined their property, money, effects, skill, and knowledge.

36.     Apogee negligently and intentionally operated Guyan in an unsafe manner by violating mine safety laws and regulations and by violating commonly accepted and well-known safety standards within the coal mining industry that are set out in Count One, and by other willful, reckless, negligent and intentional conduct.

37.     As a proximate result of Apogee's violations of mine safety laws and regulations and violations of commonly accepted and well-known safety standards within the coal mining industry that are set out in Count One, and other willful, reckless, negligent and intentional conduct of the Apogee defendants, Richard Young Jr. died.

13

## COUNT FIVE

### PUNITIVE DAMAGES

38.  Plaintiff adopts and incorporates by reference the allegations of each of the preceding paragraphs as if fully set forth herein.

39.  The intentional, reckless and willful actions and inactions of defendant Patriot in permitting and facilitating the operation of the Guyan Mine when such defendant knew or should have known that the risks at Guyan due to the violations of mine safety laws and regulations and by violations of commonly accepted and well-known safety standards within the coal mining industry, as is more fully set out in Count One, and by other willful, reckless, negligent and intentional conduct, render such defendant liable for punitive or exemplary damages.

40.  The above-described various acts and/or omissions of defendant Patriot, and other acts and omissions, individually or in combination, constitute malicious, reckless, willful and wanton conduct, and evidence of a conscious disregard of the safety of others, including Richard Young Jr..

41.  As a result of the reprehensible actions of defendant Patriot for which it profited, as described above, plaintiff is entitled to punitive damages to the maximum extent allowable by West Virginia law.

42.  The conduct of defendant Patriot was reprehensible.

43.  Defendant Patriot profited from their wrongful conduct.

14

44. The cost of plaintiff's litigation is substantial.

45. The harm caused by defendant's conduct was grievous and reasonably foreseeable.

46. Defendant Patriot is responsible to plaintiff for punitive and exemplary damages as a result of their conduct.

### PRAYER

WHEREFORE, plaintiff demands judgment against the defendants in a amount that will adequately and fairly compensate the estate of Richard Young Jr. for all damages for his wrongful death as set forth in § 55-7-6 of the West Virginia Code, including, but not limited to sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the decedent; compensation for reasonably expected loss of income of the decedent, and services, protection, care and assistance provided by the decedent; expenses for the care, treatment and hospitalization of the decedent incident to the injury resulting in death; and reasonable funeral expenses. Further, plaintiff demands pre-judgment and post-judgment interest, that the estate recover its costs and expenses incurred in pursuit of this claim, including attorney's fees, and such other, further and general relief as this Court deems appropriate.

A TRIAL BY JURY IS DEMANDED ON ALL ISSUES SO TRIABLE.

15

GINA YOUNG, Administratrix of the
Estate of RICHARD YOUNG JR.,

Plaintiff,

By Counsel

Timothy R. Conaway (WVSB #793)
Benjamin M. Conaway (WVSB #9332)
CONAWAY & CONAWAY
63 Avenue B
Madison, West Virginia  25130
(304-) 369-0100

16

**CERTIFIED MAIL**

5.60




$ 05.30⁰
02 1R
0008581724        APR 16  2012
MAILED FROM ZIP CODE 25311



 CT Corporation

**Service of Process Transmittal**
04/17/2012
CT Log Number 520343130

TO:   Elizabeth Power
      Patriot Coal Corporation
      600 Laidley Tower
      Charleston, WV 25301

RE:   **Process Served in West Virginia**

FOR:  Apogee Coal Company LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gina Young, etc., Pltf. vs. Apogee Coal Company LLC., et al. Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint |
| **COURT/AGENCY:** | Boone County Circuit Court, WV<br>Case # 12C74 |
| **NATURE OF ACTION:** | Wrongful Death - Defendant failure to follow proper training procedures and instructions at the Guyan Mine |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Charleston, WV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/17/2012 postmarked on 04/16/2012 |
| **JURISDICTION SERVED :** | West Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service of this summons, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Timothy R. Conaway<br>Conaway & Conaway<br>63 Avenue B<br>Madison, WV 25130<br>304-369-0100 |
| **REMARKS:** | Kindly note that the papers were served on the secretary at the State Capitol of West Virginia on April 13, 2012 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 798298453843<br>Image SOP<br>Email Notification, Elizabeth Power epower@patriotcoal.com<br>Email Notification, Joseph W Bean jbean@patriotcoal.com<br>Email Notification, Eric Waller ewaller@patriotcoal.com<br>Email Notification, Anne Mykins amykins@patriotcoal.com<br>Email Notification, Jackie Jones jackie_jones@patriotcoal.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 5400 D Big Tyler Road<br>Charleston, WV 25313 |
| **TELEPHONE:** | 800-592-9023 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV  25305



9171 9237 9000 1000 6468 21



**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

| | |
|---|---|
| ControlNumber: | 333962 |
| Defendant: | Apogee Coal Company, LLC |
| County: | 3 |
| | 4/13/2012 |
| Civil Action: | 12-C-76 |

Apogee Coal Company, LLC
C. T. Corporation System
5400 D Big Tyler Road
Charleston WV  25313

I am enclosing:

| | | |
|---|---|---|
| _____ summons | _____ affidavit | __1__ summons and complaint |
| _____ notice | _____ answer | _____ summons and verified complaint |
| _____ order | _____ cross-claim | _____ summons and amended complaint |
| _____ petition | _____ counterclaim | _____ 3rd party summons and complaint |
| _____ motion | _____ request | _____ notice of materialmans lien |
| _____ suggestions | _____ notice to redeem | _____ notice of mechanic's lien |
| _____ interrogatories | _____ request for production | _____ re-issue summons and complaint |
| _____ discovery | _____ request for admissions | _____ subpoena duces tecum |
| _____ suggestee execution | _____ notice of ulm claim | _____ Other |
| _____ subpoena | _____ writ | |
| _____ stipulation | _____ writ of mandamus | |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on behalf as your attorney-in-fact.  Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

*Sincerely,*

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

## CIVIL SUMMONS

### IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

GINA YOUNG, Administratrix of the Estate
of RICHARD YOUNG, JR.

                                  Plaintiff,

VS.

                          CIVIL ACTION NO. 12-C-76

APOGEE COAL COMPANY LLC,
PATRIOT COAL CORPORATION, and
JAMES RAY BROWNING,

                                Defendant.

To the above-named Defendant: James Ray Browning

      IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby
Summoned and required To serve upon Benjamin M. Conaway/Timothy R.
Conaway, Conaway & Conaway, Plaintiff's attorney, whose address is 63 Avenue
B, Madison, West Virginia 25130

An answer, including any related counter claim or defense you may have, to the
amended complaint filed against you in the above styled action, a true copy of
which is herewith delivered to you.

You are required to serve your answer within 20 days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, thereafter
judgement, upon proper hearing and trial, may be taken against you for the relief
demanded in the complaint and you will be thereafter Barred from asserting in
another action any claim you may have which must be asserted by counterclaim in
the above-styled civil action.

DATED March 30, 2012            _Sue Ann Zickifoose_

                         CLERK OF COURT
                         By:

TO THE SECRETARY OF STATE:

Please accept service on the within named defendants:

APOGEE COAL COMPANY LLC.,    APOGEE COAL COMPANY, LLC
CT CORPORATION SYSTEM.       500 LEE STREET EAST
5400 D BIG TYLER ROAD        SUITE 900
CHARLESTON WV  .25313       CHARLESTON
                         WV   25301   USA

and

PATRIOT COAL CORPORATION
CT CORPORATION SYSTEM
5400 D BIG TYLER ROAD
CHARLESTON WV   25313

_Sue Ann Zickefoose_

Circuit Clerk of Boone County, WEST VIRGINIA

BY: _Elena Vanhoose_

DEPUTY CLERK

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

GINA YOUNG, Administratrix
of the Estate of RICHARD YOUNG JR.,

        Plaintiff,

vs.

                          CIVIL ACTION NO. *12 - C - 76*

APOGEE COAL COMPANY LLC., JAMES RAY
BROWNING, and PATRIOT COAL, INC.,

        Defendants,

## COMPLAINT

Comes now the plaintiff, Gina Young, administratrix of the Estate of Richard

Young Jr., all by and through counsel, and for her Complaint against the defendants,

states and alleges as follows:

## PARTIES

1.    On May 14, 2011 Richard Young Jr. was killed while working as an

employee of defendant Apogee Coal Company LLC at the Guyan Mine in Logan County

West Virginia. Prior to his death, Richard Young Jr. resided with his wife Gina Young in

Boone County, West Virginia. Gina Young was appointed administratrix of Richard

Young Jr.'s estate by the Boone County Commission on July 13, 2011. Gina Young

currently resides in Boone County, West Virginia. Gina Young brings this wrongful

death action pursuant to § 55-7-5 of the West Virginia Code on behalf of Richard Young

1

Jr.'s estate.

2.     Defendant Apogee Coal Company LLC ( hereinafter Apogee) is a Company

that does business in Logan County, West Virginia. Apogee is registered to do business

with the West Virginia Secretary of State with a principal office address of 500 Lee Street

East Suite 900 Charleston, WV, 25301. Apogee's principal place of business in located in

West Virginia. Defendant Apogee operated the Guyan Mine in Logan County, West

Virginia with the assistance of defendant Patriot Coal Corporation.

3.     Defendant James Ray Browning is a resident of Logan County, WV, and

worked as a maintenance supervisor for Apogee at all times relevant to this complaint.

4.     Defendant Patriot Coal Corporation (hereinafter Patriot) is a Delaware

Corporation, and has its principal executive offices at 12312 Olive Boulevard , Suite 400,

St. Louis, Missouri 63141. Patriot Coal is registered to do business with the West

Virginia Secretary of State with a local office address of 202 Laidley Tower, Charleston,

West Virginia 25301. Patriot owns coal operations and property and does business in

Boone County, West Virginia. Patriot's principal place of business in located in West

Virginia. Patriot is the parent company of Apogee and completely controls defendant

Apogee.

FACTS

5.     Richard Young Jr. was employed as a mechanic for Apogee for

approximately one and a half years prior to May 14, 2011. According to defendant

2

Browning, who was Mr. Young's supervisor, and other supervisors and employees at

Apogee. Richard Young Jr. was considered to be among the safest employees at Apogee.

Mr. Young never received any write-ups or disciplinary actions for not following proper

safety procedures during his career.

6.      On May 14, 2011, Richard Young Jr. was directed by his supervisor,

defendant Browning to do maintenance on a fuel tank on a Caterpillar 992G end loader

(hereinafter 992G). In order to gain access to the fuel tank, the counter weight had to be

removed from the 992G. The counter weight weighs approximately 11,685 pounds and is

attached to the back of the 992G, suspended approximately 3-4 feet above the ground.

7.      Prior to that date Mr. Young had never removed a counter weight from a

992G. Mr. Young did not receive any instruction, training, or guidance on how to remove

or block the counter weight on May 14, 2011, or at any time prior to that in his career.

Defendant Browning, who was responsible for training or instructing mechanics at Guyan

including Mr. Young for all new tasks or assignments, was unfamiliar with the proper

procedures on how to properly remove or block a counter weight.

8.      Due to a lack of proper training, instruction and proper guidance, Mr.

Young placed himself directly underneath the 11,685 pound counterweight, with no

blocking in place, and removed approximately 14 of the 16 bolts that connected the

counter weight to the 992G. Upon information and belief, before or during the removal

of the 15th bolt, the counter weight fell on top of and killed Richard Young Jr..

3

9.     Mr. Young had only removed one counter weight in his entire career as a coal miner prior to May 14, 2011, which was on a different machine than the 992G. Upon information and belief, Richard Young Jr. participated in removing a counterweight on a Caterpillar 994D end loader (hereinafter 994D) on or around December 2010.  Upon information and belief, Mr. Young was not properly trained, instructed, or given any guidance in December 2010, or at any time prior to that in his career, on how to remove or block a counter weight on a 994D.

10.     While maintenance of the fuel tank on heavy machinery requires removal of the Counterweight, many other maintenance issues also require removal of the counterweight.  Because removal of a counter weight occurs on a regular basis, a reasonably prudent operator familiar with the mining industry should realize that the protective purposes of the standards requiring task training requires task training of individuals removing a counterweight prior to the removal.

## COUNT ONE

### DELIBERATE INTENT ACTION
### AGAINST APOGEE COAL COMPANY AND
### JAMES RAY BROWNING

11.     Plaintiff adopts and incorporates by reference the allegations of each of the preceding paragraphs as if fully set forth herein. Count One is brought under the provisions of  § 23-4-2(d)(2)(ii) of the West Virginia Code.  Plaintiff is not alleging any federal causes of action that might have been pleaded or brought under the facts set out in

4

this Count One or any other Count in this complaint.

12.    One of the most important components of the Federal Mine Safety and Health Act of 1977 is the mandatory health and safety training requirements set out at § 115, 30 U.S.C. § 825. This section establishes the basic, underlying framework for the training regulations for underground and surface miners set out at 30 C.F.R. Part 48, which includes new task training.  The Federal Mine Safety and Health Act of 1977, along with statutes promulgated by the West Virginia Legislature, and other regulations and laws applicable to West Virginia surface mining, demonstrate the importance of following proper procedures and guidelines regarding training and protecting miners.

13.    While each of the individual actions and inactions that are set out herein in paragraph 15(A) through 15(O) was a specific unsafe working condition which presented a high degree of risk and a strong probability of serious injury or death, the combination of such factors presented an extreme risk to the Richard Young Jr..

14.    Defendant Apogee and defendant Browning, prior to the Richard Young's death at the Guyan Mine, had actual knowledge of the lack of task training and proper instruction, among other violations that contributed to the death of Richard Young at the Guyan Mine, and of the high degree of risk and the strong probability of serious injury or death.  The defendants Apogee and Browning, had actual knowledge of the existence of each of the individual actions and inactions that are set out herein in paragraph 15(A) through 15(O).

5

15.   The failure to follow proper training procedures and instruction at the Guyan Mine was a result of the defendant Apogee and defendant Browning violating a number of state and federal safety statutes, rules or regulations, and a number of commonly accepted and well-known safety standards within the surface coal mining industry, which standards or guidelines reflect a consensus safety standard in the surface mining industry, and were specifically applicable to the work and working conditions at the Guyan Mine.  These statutes, rules, regulations and standards are all aimed at reducing or eliminating the risk of accidents occurring during surface mining.   The following actions or inactions of defendant Apogee and defendant Browning constituted violations of state and federal safety statutes, rules or regulations, and commonly accepted and well-known safety standards within the surface coal mining industry, and created specific unsafe working conditions at Guyan:

(A)  Richard Young was assigned to removing a counter weight on a 994D on or around December 2010, a new task that Mr. Young had never completed before. Defendants failed to provide instruction in the safety and health aspects and safe work procedures of the task, which violated the provisions of 30 CFR § 48.27.

(B)  Richard Young was assigned to removing a counter weight on a 992G on May 14, 2011, a new task that Mr. Young had never completed before. Defendants failed to provide instruction in the safety and health aspects and safe work procedures of the task, which violated the provisions of 30 CFR § 48.27.

6

(C)  In violation of the West Virginia Code of State Rules section § 56-3-26, (26.3), defendants failed on May 14, 2011, to instruct in the hazards incident to removing a counter weight on a 992G and the law and regulations relevant thereto prior to performing maintenance on the fuel tank/counter weight, which was a new job assignment.

(D) In violation of the West Virginia Code of State Rules section § 56-3-26, (26.3), defendants failed on or around December 2010, to instruct in the hazards incident to removing a counter weight on a 994D and the law and regulations relevant thereto prior to performing maintenance on the fuel tank/counter weight, which was a new job assignment.

(E)  In violation of the West Virginia Code of State Rules section § 56-3-27, (27.1c), the mine foreman or assistant mine foreman failed to have weekly safety meetings with all employees, including Richard Young Jr., that provided training in the working practices and conditions at the mine and rules and regulations applicable thereto.

(F) No training was provided or supervised by a qualified trainer, or a supervisor experienced in the task of maintenance on a fuel tank / removal of counter weight, or other person experienced in the assigned tasks on May 14, 2011 or December 2010, which violated the provisions of 30 CFR § 48.27.

(G)  In violation of the West Virginia Code of State Rules section § 56-3-26.

(26.1), neither the mine foreman nor assistant mine foreman at the Guyan Mine instructed Richard Young Jr. of the particular dangers incident to his work at Guyan mine before Richard Young Jr. began work at the mine.

(H)  In violation of commonly accepted and well known industry standards and procedures, defendants' management failed to discuss safety issues with Richard Young Jr. prior to directing him to change a counter weight, even though management knew that the task of changing the counter weight required extensive blocking procedures to protect the miner directed to perform such task.

(I)  In violation of commonly accepted and well known industry standards and procedures, as well as statutes and regulations cited above, defendants failed to train Richard Young on how and when to properly block a counter weight on a 992G prior to May 14, 2011.

(J)  In violation of commonly accepted and well known industry standards and procedures, as well as statutes and regulations cited above, defendants failed to train Richard Young on how and when to properly block a counter weight on a 994D prior to December 2010.

(K)  In violation of commonly accepted and well known industry standards and procedures, defendants failed to instruct the mechanics to reference the manufacturer's service manual or computer service guide prior to removing the counter weight, which would have alerted Mr. Young that the first step in

removing the counter weight was blocking underneath it.

(L) In violation of commonly accepted and well known industry standards and procedures, and other statutes and regulations, management failed on May 14, 2011 to ensure that the counter weight / fuel tank was blocked or secured before the mounting bolts were removed.

(M) In violation of the West Virginia Code of State Rules section § 56-3-42, (42.16), on May 14, 2011, defendants allowed work to be performed under the 992G prior to proper blocking being in place.

(N) In violation of the West Virginia Code of State Rules section § 56-3-27 (27.3), and commonly accepted and well known industry standards and procedures, on May 14, 2011, management knew no blocking was in place under the 992G, yet left the area prior to making the dangerous condition safe, and failed to remove Richard Young Jr. from the dangerous condition.

(O) In violation of commonly accepted and well-known safety standards within the coal mining industry, defendants failed to provide specialized training to Richard Young, Jr. by a qualified instructor as to the proper procedures to be followed when removing a counter weight.

16.    Defendant Apogee and defendant Browning, prior to Richard Young's death at the Guyan Mine, had actual knowledge of the existence of each of the violations of state and federal law set out above, and each of the violations of commonly accepted

9

and well-known safety standards within the coal mining industry set out above, and of the high degree of risk and the strong probability of serious injury or death presented by such violations.

17.    Each of the forgoing violations of state and federal statutes and regulations and each of violations of the forgoing commonly accepted and well-known safety standard within the coal mining industry created individual specific unsafe working conditions that existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death.  Acting together, these violations compounded the risk of serious injury or death and greatly enhanced the probability of serious injury or death.

18.    Notwithstanding the existence of the facts set forth above, defendant Apogee and defendant Browning nevertheless intentionally thereafter exposed plaintiff Richard Young Jr. to the said specific unsafe working conditions.

19.    Richard Young Jr. suffered serious compensable death as a direct and proximate result of such specific unsafe working conditions, making defendant Apogee and defendant Browning liable to plaintiff for damages as set forth in § 55-7-6 of the West Virginia Code.

COUNT TWO

NEGLIGENCE

20.    Plaintiff adopts and incorporates by reference the allegations of each of the

10

preceding paragraphs as if fully set forth herein.

21.     Upon information and belief, defendant Patriot assisted and directed the operation of the Guyan Mine by performing technical, administrative, legal and other support services for defendant Apogee.

22.     Upon information and belief, Patriot arranged for the sale of coal that was produced at the Guyan Mine.

23.     On May 14, 2011, in Logan County, West Virginia, Richard Young died as a result of the defendants' negligent, reckless and intentional conduct, including, but not limited to, violations of safety statutes and regulations and violations of consensus safety standards in the industry or business of surface mining that are set out herein.

24.     As a result of defendant's negligent, reckless and intentional conduct, Richard Young died. As a further result of such conduct Richard Young endured temporary mental and physical pain and suffering.

25.     As the controller of the coal being mined at Guyan, defendant Patriot, owed a duty to the workers at Guyan, including Richard Young Jr., to provide a reasonably safe workplace and to exercise reasonable care for the safety of their workers.

26.     Defendant Patriot owed a duty to the workers at Guyan, including Richard Young Jr., to ensure that safety practices and procedures were implemented and followed.

27.     Defendant Patriot negligently, recklessly and intentionally breached, among other things, the aforementioned duties, and as a direct and proximate result of their

11

negligent, reckless and intentional behavior, caused the death of Richard Young Jr. at Guyan.

COUNT THREE

VICARIOUS LIABILITY OF PATRIOT

28.  Plaintiff adopts and incorporates by reference the allegations of each of the preceding paragraphs as if fully set forth herein.

29.  At all times mentioned herein, defendant Apogee operated the Guyan Mine under the direction and control of defendant Patriot, which included the right to operate, maintain and make business decisions relative to the day-to-day activities at Guyan.

30.  At all times mentioned herein, defendant Apogee was acting in furtherance of the business of Patriot, and was further acting within the scope of Apogee's agency relationship with Patriot.

31.  Defendant Patriot caused defendant Apogee to engage in violations of the mine safety laws and the violations of commonly accepted and well-known safety standards within the surface mining industry that are set out in Count One, as well as other willful, reckless, negligent and intentional conduct of Apogee.

32.  Defendant Patriot knew of and sanctioned the violations of the mine safety laws and the violations of commonly accepted and well-known safety standards within the coal mining industry that are set out in Count One and other willful, reckless, negligent and intentional conduct of Apogee.

12

33.   As a proximate result of Apogee's violations of the mine safety laws, and its violations of commonly accepted and well-known safety standards within the coal mining industry that are set out in Count One, and other willful, reckless, negligent and intentional conduct of Apogee, Richard Young Jr. died.

## COUNT FOUR

### JOINT VENTURE

34.   Plaintiff adopts and incorporates by reference the allegations of each of the preceding paragraphs as if fully set forth herein.

35.   Defendants Apogee and Patriot associated and contracted together to operate Guyan for profit, for which purpose they combined their property, money, effects, skill, and knowledge.

36.   Apogee negligently and intentionally operated Guyan in an unsafe manner by violating mine safety laws and regulations and by violating commonly accepted and well-known safety standards within the coal mining industry that are set out in Count One, and by other willful, reckless, negligent and intentional conduct.

37.   As a proximate result of Apogee's violations of mine safety laws and regulations and violations of  commonly accepted and well-known safety standards within the coal mining industry that are set out in Count One, and other willful, reckless, negligent and intentional conduct of the Apogee defendants, Richard Young Jr. died.

## COUNT FIVE

### PUNITIVE DAMAGES

38. Plaintiff adopts and incorporates by reference the allegations of each of the preceding paragraphs as if fully set forth herein.

39. The intentional, reckless and willful actions and inactions of defendant Patriot in permitting and facilitating the operation of the Guyan Mine when such defendant knew or should have known that the risks at Guyan due to the violations of mine safety laws and regulations and by violations of commonly accepted and well-known safety standards within the coal mining industry, as is more fully set out in Count One, and by other willful, reckless, negligent and intentional conduct, render such defendant liable for punitive or exemplary damages.

40. The above-described various acts and/or omissions of defendant Patriot, and other acts and omissions, individually or in combination, constitute malicious, reckless, willful and wanton conduct, and evidence of a conscious disregard of the safety of others, including Richard Young Jr..

41. As a result of the reprehensible actions of defendant Patriot for which it profited, as described above, plaintiff is entitled to punitive damages to the maximum extent allowable by West Virginia law.

42. The conduct of defendant Patriot was reprehensible.

43. Defendant Patriot profited from their wrongful conduct.

14

44. The cost of plaintiff's litigation is substantial.

45. The harm caused by defendant's conduct was grievous and reasonably foreseeable.

46. Defendant Patriot is responsible to plaintiff for punitive and exemplary damages as a result of their conduct.

PRAYER

WHEREFORE, plaintiff demands judgment against the defendants in a amount that will adequately and fairly compensate the estate of Richard Young Jr. for all damages for his wrongful death as set forth in § 55-7-6 of the West Virginia Code, including, but not limited to sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the decedent; compensation for reasonably expected loss of income of the decedent, and services, protection, care and assistance provided by the decedent; expenses for the care, treatment and hospitalization of the decedent incident to the injury resulting in death; and reasonable funeral expenses. Further, plaintiff demands pre-judgment and post-judgment interest, that the estate recover its costs and expenses incurred in pursuit of this claim, including attorney's fees, and such other, further and general relief as this Court deems appropriate.

A TRIAL BY JURY IS DEMANDED ON ALL ISSUES SO TRIABLE.

15

GINA YOUNG, Administratrix of the
Estate of RICHARD YOUNG JR.,

Plaintiff,

By Counsel

Timothy R. Conaway (WVSB #7193)
Benjamin M. Conaway (WVSB #9332)
CONAWAY & CONAWAY
63 Avenue B
Madison, West Virginia 25130
(304-) 369-0100

16

CERTIFIED MAIL

5.60



02 1R                    $ 05.30
0008561724      APR 16 2012
MAILED FROM ZIP CODE 25311