IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GINA YOUNG, et al.,

          Plaintiffs,

v.                                  CIVIL ACTION NO. 2:12-cv-01324

APOGEE COAL COMPANY LLC, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**
(*Joint Motion to Bifurcate & Stay Claims*)

Pending before the court is the parties' Joint Motion to Bifurcate and Stay Claims ("Joint Motion") [Docket 51]. For the reasons set forth below, the parties' Joint Motion [Docket 51] is **GRANTED**. The court **BIFURCATES** Counts 1-4 from Counts 5 and 6 of the plaintiffs' First Amended Complaint [Docket 56] and **STAYS** further proceedings in connection with Counts 1-4 pending resolution of Counts 5 and 6, the declaratory judgment counts.

### I. Factual and Procedural Background

This case arises out of an accident that resulted in the death of Richard Young, Jr. Mr. Young was an employee of defendant Apogee Coal Company LLC ("Apogee Coal") at the Guyan Mine in Logan County, West Virginia. On May 14, 2011, Mr. Young was instructed by his supervisor, James Browning, to remove the counterweight on a Caterpillar 992G end loader in order to gain access to the machine's fuel tank. (Compl. [Docket 1-1], at 6). Subsequently, the 11,685 pound counterweight fell directly on top of Mr. Young and killed him. The plaintiffs allege that Mr. Young had never performed maintenance on this machine and had not received

any training or instruction on how to properly remove the counterweight. (*Id.* at 7).

The plaintiffs filed suit in the Circuit Court of Boone County, West Virginia, naming Mr. Browning, Apogee Coal, and Apogee Coal's holding company, Patriot Coal Corporation ("Patriot Coal"), as defendants. Mr. Browning is a resident of Logan County, West Virginia; Apogee Coal is a Delaware limited liability corporation; Patriot Coal is a Delaware corporation; and Young was a resident of Boone County, West Virginia. The complaint asserts claims against Apogee Coal and Browning under the "deliberate intention" exception to the exclusivity of Workers' Compensation benefits. W. Va. Code § 23-4-2(d)(2)(ii).

The defendants removed the case to the Southern District of West Virginia, claiming that West Virginia Code § 23-4-2(d)(2)(ii) only applies to employers, not supervisors or co-employees, and that Mr. Browning should be dismissed under the doctrine of fraudulent joinder. The plaintiffs filed a Motion to Remand [Docket 5], arguing that Mr. Browning was not fraudulently joined and that complete diversity was lacking in this case. This dispute hinged on the meaning of West Virginia Code § 23-4-2(d)(2)(ii), and because of the significant disagreement between courts on this issue, I certified the following question to the Supreme Court of Appeals of West Virginia ("SCAWV"):

> Does the "deliberate intention" exception to the exclusivity of Workers Compensation benefits outlined in West Virginia Code § 23-4-2(d)(2)(ii) apply to "persons" (supervisors and co-employees) as well as employers?

(*See* Order Certifying Issue to SCAWV [Docket 10]). Additionally, at this time, I stayed the action pending the SCAWV's decision. On November 6, 2013, the SCAWV responded in the negative. *See Young v. Apogee Coal Co., LLC*, No. 12-0835, slip op. at 1 (W. Va. Nov. 6, 2013). Accordingly, the "deliberate intention" exception applies only to employers, not supervisors and

2

co-employees.

In light of the SCAWV's interpretation, I denied the plaintiffs' Motion to Remand [Docket 5], dismissed Mr. Browning, and placed the action back on the active docket. (Order [Docket 17], at 5-6). However, on July 13, 2012, while the SCAWV was reviewing the certified issue, the defendants filed for bankruptcy, resulting in an automatic stay. (Notice of Automatic Stay [Docket 12]). Therefore, although I reopened the action on November 8, 2013, I subsequently stayed the case again on November 12, 2013 pending the bankruptcy proceedings of the defendants. (Order [Docket 18]). Finally, on March 10, 2014, I granted the plaintiffs' Motion to Lift Stay [Docket 23], based on a Stipulation from the United States Bankruptcy Court allowing the plaintiffs to proceed and recover solely from the defendants' available insurance coverage. (Stipulation [Docket 23-1]).[1]

In the defendants' Rule 26(a)(1) Initial Disclosures, they reference two insurance policies, which the parties refer to as the Apogee policy and the Patriot policy. (Mem. in Supp. of Joint Mot. ("Mem. in Supp.") [Docket 52], at 1-2). The defendants alerted the plaintiffs in February 2014 that the insurer of the Patriot policy may attempt to deny coverage; however, the plaintiffs were not made aware of a coverage issue with the Apogee policy until November 2014. (*Id.* at 2). Based on this new information, the plaintiffs' first filed a Motion for Leave to Amend Complaint [Docket 49], in order to bring declaratory judgment actions against insurers New Hampshire Insurance Company (Apogee policy) and National Union Fire Insurance Company of Pittsburgh (Patriot policy). On the same day, the parties also filed the present Joint Motion [Docket 51]. On December 30, 2014, I granted the plaintiff's Motion for Leave to

---

[1] On May 13, 2014, I granted the defendants' Motion to Dismiss [Docket 26] with regard to Count Four of the original complaint for Joint Venture. (Mem. Op. & Order [Docket 30]).

3

Amend and the plaintiffs immediately filed a First Amended Complaint [Docket 56], which included declaratory judgment actions with regard to both the Apogee and Patriot policies.

Presently, the parties seek to bifurcate Counts 1-4 from Counts 5 and 6, the declaratory judgment counts against the insurance companies, as well as stay Counts 1-4 pending this court's determination of whether available insurance coverage exists.

## II. Analysis

Federal Rule of Civil Procedure 42(b) provides as follows:

> *Separate Trials.* For convenience, to avoid prejudice, or to expedite and economize, the court may order separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

The court has broad discretion in deciding whether to bifurcate claims for trial, and "exercise of that discretion will be set aside only if clearly abused." *Lester v. Homesite Ins. Co. of the Midwest*, No. 1:14-20361, 2014 WL 6682334, at *1 (S.D. W. Va. Nov. 25, 2014) (citing *Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993)).[2] "[T]he party seeking bifurcation has the burden of showing that separate trials are proper in light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience." *Belisle v. BNSF Ry. Co.*, 697 F. Supp. 2d 1233, 1250 (D. Kan. 2010) (internal quotation marks omitted). Furthermore, bifurcation is particularly appropriate when resolution of a certain issue or issues could be dispositive of the entire case. *See O'Malley v. U.S. Fidelity & Guaranty Co.*, 776 F.2d 494, 501 (5th Cir. 1985) (finding the district court did not abuse its discretion in bificurating the coverage and bad faith issues).

---

[2] In *Lester*, my colleague, Judge Faber, denied a similar motion to bifurcate and stay. *See generally* 2014 WL 6682334. However, in *Lester*, the defendant's motion was opposed, whereas here, the parties have filed a joint motion requesting bifurcation. Accordingly, I am more so inclined to grant their request.

In this case, it is particularly significant that both sides agree bifurcation will "expedite justice," as evidenced by their Joint Motion [Docket 52]. (Mem. in Supp. [Docket 52], at 1). The parties argue that "resolving the insurance coverage issues while staying the remaining counts will promote judicial economy, save costs and expenses, and provide direction for all parties involved." (*Id.* at 3). As a result of the bankruptcy, the plaintiffs' only method of recovery is through the defendants' insurance policies. If there is no available insurance coverage, there is no reason for the plaintiffs to continue to pursue the case. Accordingly, I agree with the parties that it is in the interest of judicial economy to resolve the insurance issue before proceeding with the substance of the plaintiffs' claims.

Although bifurcation will put Counts 1-4 on hold, it could potentially save the parties the time and expense of a trial if the court determines that there is no available insurance coverage. *See Drennan v. Maryland Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005) (finding bifurcation of breach of insurance contract claim from bad faith claim appropriate because "a favorable finding for Maryland Casualty on this issue would eliminate the need for a second trial"). *But see N. Pac. Ins. Co. v. Stucky*, No. CV 12-15-H-DLC, 2013 WL 5408837, at *2-3 (D. Mont. 2013) (finding that the plaintiff did not meet its burden to show that bifurcation would further judicial economy because its argument was "predicated on the assumption that North Pacific will prevail on the issue of coverage"). Furthermore, even if the court determines that insurance coverage exists, the parties have indicated that such a decision could still help facilitate settlement. (*See* Mem. in Supp. [Docket 52], at 3-4 ("Regardless of how the Court rules on the [sic] each declaratory judgment count, the rulings will help all parties evaluate what damages are in play.")).

### III. Conclusion

For the reasons set forth above, the parties' Joint Motion [Docket 51] is **GRANTED**. The court **BIFURCATES** Counts 1-4 from Counts 5 and 6 of the plaintiffs' First Amended Complaint [Docket 56] and **STAYS** further proceedings in connection with Counts 1-4 pending resolution of Counts 5 and 6, the declaratory judgment counts.

Furthermore, inasmuch as case activity practically ceased between July 3, 2012 and March 10, 2014, the court **ORDERS**, effective July 3, 2012, that the Clerk reflect this action to have been retired to the inactive docket as of July 3, 2012, and reinstated to the active docket on March 10, 2014.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: January 5, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE